**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**RICHARD ALVAREZ,**
            **Plaintiff,**

**vs.**                                                      **Case No: 5:08cv220/SPM/MD**

**MARY M. MITCHELL, et al.,**
            **Defendants.**

_____

**REPORT AND RECOMMENDATION**

Plaintiff, a federal inmate proceeding *pro se,* commenced this action by filing a civil rights complaint under 28 U.S.C. § 1331 and *Bivens*.[1]   (Doc. 1).  He also filed a motion to proceed *in forma pauperis*.  (Doc. 2).  Upon review of the complaint, it is apparent that venue is not proper in the Northern District.  Accordingly, this case should be transferred.

Plaintiff is presently confined at the Federal Correctional Institution, Marianna, Florida.  His complaint names six defendants, all corrections officials at the Federal Correctional Institution, Coleman, Florida ("FCI-Coleman):  Warden Mary M. Mitchell, Captain Smith, Unit Manager Cimmock, Special Investigation Service Lieutenant Khors, Lieutenant Irle, and Psychologist Shaw.  (Doc. 1, pp. 2-3).  Plaintiff claims defendants violated his constitutional rights during his confinement at FCI-Coleman when they failed to protect him from an inmate assault and failed to provide adequate medical treatment for his injuries.  As relief, plaintiff seeks monetary damages.

---

[1]*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**Venue for this action is governed by 28 U.S.C. § 1391(b), which provides:**

**A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.**

*Id.*   **In the instant case, plaintiff states that all of the defendants are located in Coleman, Florida.  (Doc. 1, pp. 2-3).  The alleged events giving rise to the complaint occurred there.  (*Id.*, pp. 6-12).  Coleman, Florida is located in the Middle District.  Therefore, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this case should be transferred to the Middle District.[2]**

**Accordingly, it is respectfully RECOMMENDED that this case be TRANSFERRED to the United States District Court for the Middle District of Florida.**

**DONE AND ORDERED this 22nd day of July, 2008.**

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] **Title 28 U.S.C. § 1406(a) provides:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."**